In the Matter of the Application for the DISCIPLINE OF Terrance J. SELB, an Attorney at Law of the State of Minnesota.

No. C9–86–303.

Supreme Court of Minnesota.

Oct. 27, 1986.

### ORDER

The Director of Lawyers Professional Responsibility by petition charged respondent Terrance J. Selb with five counts of alleged attorney misconduct warranting public discipline. Pursuant to the procedural rules of the Lawyers Professional Responsibility Board, the petition was referred to a referee appointed by this court. The referee proceeded with hearing. During the course of the proceedings before the referee, the respondent essentially admitted counts three and four of the petition and acknowledged that his violation of his legal obligations with respect to those two counts were sufficient to warrant disbarment. The referee made findings, which, in effect, resulted in a finding of serious attorney misconduct with respect to the first four counts of the petition, any or all of which would warrant the disbarment to which respondent had agreed during the course of the proceeding before the referee. Pursuant to agreement of the parties and taking into consideration the recommendation of disbarment as admitted by respondent, the referee made neither findings nor conclusions with respect to count five of the petition. Following the filing with this court of the findings of fact, conclusions of law and recommendations of the referee, respondent took steps to appeal those findings and conclusions with respect to count one of the petition only. By order of this court dated September 17, 1986, a briefing schedule was set. Thereafter, respondent through his counsel of record, by letter to this court dated October 13, 1986, dismissed that appeal and consented to disbarment without further hearing, briefing, or proceedings.

By that action, the findings of fact of the referee with respect to the four counts are deemed admitted. The first of those four counts arose out of respondent's handling of a personal injury settlement. Respondent settled the case, received the settlement check, without the consent or knowledge of his clients endorsed the client's signature to the settlement check, cashed the settlement check, diverted the proceeds of the check to his own use, failed to account therefor to his client, and when complaint was filed by the client with the Lawyers Professional Responsibility Board, respondent gave false statements with respect to all of those transactions. These actions of the respondent were violations of DR 1–102(A)(4), (5) and (6), DR 9–102(A), (B)(4), DR 9–103(C), Minn.Code Prof.Resp. (hereinafter MCPR). With respect to the second count, the referee found that the respondent had been retained to incorporate a business. He failed to complete the incorporation and falsely reported to his client, and his clients subsequently retained lawyers relative to the status of the matter. As a result of his failure to complete the incorporation and as a result of his rendering false information to the client, the client conducted business for several years in corporate form without being authorized to do so because the client had been led to believe that the corporation had been legally performed. Respondent's failure to complete the incorporation or to return corporate records to his client violated DR 6–101(A)(3), DR 7–101(A)(1) and (2), DR 9–102(B)(4), MCPR. The referee found in the third count that respondent was appointed as personal representative of the estates of a husband and wife who had left surviving three minor children. As such personal representative, he sold the family homestead, invested the proceeds of the sale in corporate stock of a corporation, was forced to sell the stock at a loss, took the money from the sale of the stock and deposited the proceeds in his own account failing to maintain the moneys either in trust or in an estate account from any of the proceeds of the sale of the stock for approximately three years. He likewise was appointed guardian of the three minor children. After appointment, he failed to make timely accountings, and any accountings that were filed exhibited deficiencies. Respondent misappropriated $26,000 of the estate funds (the three minor children were the only heirs) thereby violating DR 1–102(A)(4) and (5), DR 7–101(A)(1), (2) and (3) and DR 9–102(B), MCPR. He was otherwise neglectful and failed to account to and was disobedient of orders of the probate court. Those actions violated DR 1–102(A)(5), DR 6–102(A)(1) and (3) and DR 9–102, MCPR, and after August 31, 1985, Rule 1.3, Rule 1.15 and Rule 8.4(d), Minnesota Rules of Professional Conduct (MRPC). Finally the referee found with respect to count four that respondent was an attorney of record for an estate. Early in 1980 he also had been appointed special administrator for that estate. In excess of four years thereafter, respondent took no further action either as attorney or as special administrator; failed to file documents ordered by the probate court; and failed to obey orders of the probate court to proceed with the administration and closing of the estate. Finally, after more than five years the estate was closed. His conduct with respect to these facts, constituting count four of the amended petition prior to August 31, 1985, violated DR 1–102(A)(5), DR 6–102(A)(1) and (3), MCPR. His conduct thereafter violated Rule 1.1, Rule 1.3 and Rule 8.4(d), MRPC.

The court having considered the allegations of the petition and amended petition, the respondent's answers thereto, his stipulation for disbarment, and the referee's finding of fact and recommendation for disbarment,

IT IS HEREBY ORDERED:

Respondent Terrance J. Selb, an attorney at law of the State of Minnesota, is hereby disbarred from the practice of law.