**In the Matter of the Application for the
DISCIPLINE OF John R. WAREHAM,
an Attorney at Law of the State of
Minnesota.**

**No. C9–79–50664.**

Supreme Court of Minnesota.

Oct. 23, 1987.

William J. Wernz, Director, Lawyers Professional Responsibility Bd., Martin A. Cole, Asst. Director, St. Paul, for appellant.

Robert M. Frisbee, Edina, for respondent.

PER CURIAM.

The Lawyers Professional Responsibility Board filed a complaint against Respondent, John R. Wareham, an attorney admitted to practice in this state, which charged him with violation of the Code of Professional Responsibility due to misappropriation of funds. This court appointed the Honorable Marquis L. Ward to act as referee and hear the petition for discipline. A hearing was held on February 11, 1987, and the referee issued his findings of fact, conclusions of law and recommendation. Neither Wareham nor the Director ordered a transcript. Accordingly, the referee's findings of fact are conclusive. Minn.R.Law. Prof.Resp. 14(d); *see In re Nelson,* 327 N.W.2d 576, 580 (Minn.1982).

Wareham was admitted to practice in 1951. He has been engaged in private practice since that time except for a period from November 15, 1979 to May 12, 1982 during which time he was suspended as a result of disciplinary proceedings commenced in 1978. By order of this court, based upon stipulation of the Lawyers Professional Responsibility Board and Wareham, the latter was suspended from the practice of law as of November 15, 1979.

On February 10, 1982, after a reinstatement hearing, the referee issued findings of fact, conclusions of law and recommendation. Wareham was found to have committed numerous acts of misconduct prior to the November 15, 1979 suspension during a time he was a practicing alcoholic.

The referee found that Wareham had adequately dealt with the alcoholism and recommended that he be reinstated. Upon stipulation dated March 30, 1982, the court reinstated him subject to certain conditions. Those conditions included indefinite probation, three years of supervision, abstaining from mood-altering drugs, participation in Alcoholics Anonymous, and full cooperation with the Director.

One of the matters of inquiry leading to the 1979 suspension was the mishandling of the Estate of Grace B. Sullivan. At some time prior to that suspension, Wareham misappropriated approximately $7,455 from that estate. The misappropriation was not known to the Lawyers Professional Responsibility Board at that time and was, therefore, not a subject of the earlier disciplinary proceedings. Wareham did not disclose the misappropriation during the 1979 disciplinary proceeding nor during the time he was under suspension nor during the reinstatement hearing nor during the period he was on probation after reinstatement.

After his reinstatement to the practice of law, Wareham resumed his responsibility as personal representative and attorney for the Sullivan estate. In April and in August of 1985 the Probate Court sent reminders requesting him to file a petition for discharge of personal representative. The final accounting had been accepted and a decree of distribution entered in November 1981. Respondent took no action in response to the reminders except to request and be granted a continuance as to the initial reminder which had been set for resolution on May 10, 1985. In September and October of 1985, the Probate Court issued first and final notices and orders to proceed concerning the estate. Wareham took no action and made no appearance in response to such notices and orders.

In January of 1986, the Probate Court issued a citation to respondent, ordering him to appear before the court on February 11, 1986. A representative of the Attorney General's office was present at that hearing because Grace Sullivan had no heirs and the assets of the estate were to escheat to the State of Minnesota. On that date, Wareham admitted to the Attorney General's representative that he had converted the estate funds to his own use. Wareham sought to delay restitution a few months until he reached an age where he could withdraw funds from an IRA account without incurring personal tax penalty or loss of interest. Ultimately, he made restitution in full, plus interest.

The referee found that the misappropriation constituted a separate violation from those involved in the earlier proceedings. However, the referee also found that the violation arose out of respondent's alcohol abuse.

A second finding of misconduct is that Wareham failed to cooperate with the Director's investigation of this matter. The sole finding of noncooperation was that Wareham received a notice of investigation from the Director to which he failed to respond.

The referee also found that, beyond the two violations involved in this case, Wareham has complied with the terms and conditions of his reinstatement; that his alcoholism is under control; and that he is maintaining proper records and files. Based on these findings, the referee recommended that Wareham be suspended for two years.

This court has often stated that, in determining what discipline is appropriate in a particular case, great weight is placed on the referee's recommendations. *See, e.g., In re Gubbins*, 380 N.W.2d 810, 812 (Minn. 1986). However, the final decision is for this court alone to make, based on the peculiar facts of the case. *See id; In re Fling*, 316 N.W.2d 556, 559 (Minn.1982); *see also In re Scallen*, 269 N.W.2d 834, 841 (Minn.1978). This court has also noted that each case must stand on its own facts. Prior cases are helpful only by analogy because each case presents unique circumstances. *See In re Serstock*, 316 N.W.2d 559, 561 (Minn.1982).

Misappropriation of funds is indeed serious misconduct. It demands serious sanction and often justifies disbarment. *See In re Primus*, 283 N.W.2d 519, 520 (Minn. 1979). However, mitigating circumstances will be taken into account. While the referee found that the misappropriation was a separate offense from Wareham's prior

misconduct, he also found that it was related to the prior misconduct. The record reflects that the prior misconduct was caused by Wareham's alcoholism. The referee, while not entirely clear on the point, found the misappropriation also was caused by the alcoholism. Alcoholism, when proved, is a mitigating circumstance. *In re Johnson,* 322 N.W.2d 616, 618–19 (Minn.1982).

In the prior case Wareham was found to have committed 32 separate acts of misconduct. For this he was suspended for 30 months. During that time Wareham sought help for his alcoholism and brought it under control. He now totally abstains and has regularly attended and participated in Alcoholics Anonymous and Lawyers Concerned for Lawyers. Undoubtedly, had the misappropriation been known at the time of the first action, Wareham's discipline would have been more severe. However, it is not at all clear that he would have been suspended for 54 months, which is the result if one adds the two year recommendation to the 30 months imposed. Since all of his problems, including the misappropriation, were tied to his alcoholism, it is necessary to view them together.

Furthermore, with the exception of his present trouble, Wareham has remedied the defects in his practice that resulted in his prior discipline. In addition to dealing with his personal problems, he now maintains proper books and records and is prompt and responsible in handling his files.

The second finding that Wareham failed to cooperate with the investigation of this matter is independent and serious misconduct. *See In re Cartwright,* 282 N.W.2d 548, 551–52 (Minn.1979). However, the only finding of noncooperation was that Wareham failed to respond to the director's initial notice of investigation. Thereafter, Wareham fully participated in the proceedings. This noncooperation must not go unnoticed. However, it is not as serious as the flagrant noncooperation found in *Cartwright* where we imposed a six month suspension. 282 N.W.2d at 552.

While we place great weight on the referee's recommendation, we occasionally find it necessary to depart from it. Wareham's conduct, when viewed in light of all of the circumstances, does not justify an additional two year suspension after he was already suspended for 30 months for related misconduct and where the misconduct arose out of his alcoholism. Consequently, we hold that Wareham be suspended from the practice of law for a period of one year from the date of this opinion. Wareham's reinstatement to the practice of law upon completion of this suspension shall be upon the following conditions:

(a) That he totally abstain from use of alcohol or other mood-altering chemicals.

(b) That he regularly attend and actively participate in Alcoholics Anonymous and Lawyers Concerned for Lawyers.

(c) That his handling of clients' funds be supervised by an attorney or attorneys appointed by the Director; and that he maintain all records necessary in order to facilitate this supervision.

(d) That he and the supervising attorney file written reports to the Director accounting for clients' funds at such time as is requested by the Director.

(e) That he shall at all times abide by the provisions of the Minnesota Rules of Professional Conduct applicable to practicing attorneys.

(f) That compliance of Rule 18(e), Rules of Lawyers Professional Responsibility, is waived by this court except for the requirement that respondent shall have successfully completed such written examination as may be required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility and shall have satisfied the requirements imposed under the Rules for Continuing Legal Education on members of the bar as a condition to change from a restricted to an active status, prior to petitioning for reinstatement.

SCOTT, J., took no part in the consideration or decision of this case.