**In re Petition for Disciplinary Action Against Gregory J. HOLLY, an Attorney at Law of the State of Minnesota.**

No. C5–87–1099.

Supreme Court of Minnesota.

Dec. 14, 1987.

### ORDER

The Director of the Lawyers Professional Responsibility Board (LPRB) filed with this court a petition charging the respondent Gregory J. Holly with professional misconduct and seeking disciplinary sanctions. The respondent filed an answer. Subsequent to the filing of an answer, the parties entered into a stipulation. By the terms of the stipulation, the respondent waived all of his rights for further proceedings under Rule 14 of the Rules on Lawyers Professional Responsibility (RLPR) and agreed to immediate disposition of this

matter by this court under Rule 15, RLPR. In the stipulation the respondent withdrew his answer to the petition and unconditionally admitted that from 1978 through the end of 1984 that he had been employed as an associate in the law firm of Maun, Green, Hayes, Simon, Johanneson and Brehl and thereafter through January 31, 1987, he was a partner in the firm. Pursuant to the firm's partnership agreement and the terms of employment policies, all fees earned from the practice of the attorneys in the firm were the property of the partnership. From 1981 through February 1986, respondent retained certain fees for himself in 13 specific client matters. Nine of those matters involve clients in whose name the firm maintained files. The total amount of fees the respondent received and retained appears to be approximately $6,300. Respondent reimbursed the firm the sum of $6,750. The respondent failed to include in his reported incomes the fees he retained from those 13 client matters although he was required by law to include those fees in the tax returns. In mitigation of discipline, the parties agree that in January 1987, respondent voluntarily disclosed to his partners receipt and retention of the fees. Had it not been for that disclosure, it is unlikely the matter would have come to light. Respondent admitted that his retention of these fees constituted unauthorized retention of fees to the firm. He has further admitted that his receipt and retention of the fees and his concealment of his actions from the other lawyers in the firm and his failure to include the fees as income on his tax returns prior to September 1, 1985, violated disciplinary rule DR 1–102(A)(4) and (6), Minnesota Code of Professional Responsibility, and thereafter such conduct violated Rule 8.4(c), Minnesota Rules of Professional Conduct. The Director and the respondent agree that this matter first came to the attention of respondent's associates and of the Board as a result of the respondent voluntarily disclosing his unauthorized retention of fees. They further agree the respondent has made full restitution to the firm in an amount satisfactory to the firm. They likewise agree that respondent at no time mi-

sappropriated any funds belonging to clients of the firm or of himself, and finally they agree that he is recovering from what has been diagnosed as a substance abuse disorder and has regularly been attending meetings of Alcoholics Anonymous from October 1986 to date, and finally they have agreed that respondent has filed amended tax returns in order to report the retained fees to the tax authorities.

The court having examined the petition, the answer, and the stipulation, and being advised in the matter now adopts the provisions of the aforesaid stipulation and incorporates them herein. Pursuant thereto, therefore,

IT IS NOW ORDERED:

1. The respondent shall be placed upon probation for a period of two years. The terms of the probation shall be subject to the following conditions:

a. Respondent shall maintain total abstinence from alcohol and other mood altering chemicals except those prescription drugs prescribed in accordance with orders of a physician fully advised of the respondent's substance abuse disorder.

b. Respondent shall continue to regularly attend meetings of Alcoholics Anonymous or other out-patient substance abuse treatment programs acceptable to the Director.

c. Within two weeks from the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with all terms of the probation relating to abstinence from mood-altering chemicals and attendance at a substance abuse treatment program. Failure to timely nominate such a supervisor shall authorize the Director at his option to appoint any licensed Minnesota lawyer acceptable to him to act as supervisor. Said supervisor shall both meet with respondent and file written reports with the Director at least quarterly advising the Director as to the progress being made by respondent on his conditions of probation.

d. Six months after the commencement of the probation and three months before the end of the probation, respondent shall submit to the Director's office his books and records concerning law office income and expenses and funds held on behalf of clients.

2. Respondent is required to successfully complete the professional responsibility portion of the state bar examination within one year of the date of this court's order.

3. Within 90 days of the date of this order, respondent shall pay $750 in costs pursuant to Rule 24(a), RLPR.