**In re Petition for DISCIPLINARY ACTION AGAINST David A. HART, an Attorney at Law of the State of Minnesota.**

No. C4–88–2187.

Supreme Court of Minnesota.

Oct. 28, 1988.

### ORDER

The Director of Lawyers Professional Responsibility filed with this court a petition claiming that the respondent David A. Hart had engaged in conduct subjecting him to discipline under the Rules on Lawyers Professional Responsibility. The petition alleged that the respondent had not diligently followed through on a client's case alleging employment discrimination against the client's former employer. As a result, the statute of limitations was allowed to expire. The petition also alleges that the respondent failed to keep in contact with his clients, return telephone calls or other communications, and failed to refund the retainer fee. In connection with another citizenship matter, the petitioner alleges that the respondent failed to diligently pursue the matter on behalf of the client, and failed to answer requests for communication from the client. The petition also in the Third Count alleged that the respondent had engaged in the practice of law while on restricted status for failure to properly complete continuing legal education requirements and also during a period of time when he had not paid his attorney registration fee. Following the service and filing of the petition, the respondent and the Director entered into a stipulation wherein the respondent waived his right to answer, and unconditionally admitted the allegations of the petition. He also waived rights to have the charges heard by a Lawyers Professional Responsibility Board Panel and agreed to dispense with panel proceedings under Rule 9 of the Rules on Lawyers Professional Responsibility as

well as his right under Rule 14 to a hearing before a referee on the petition. The respondent and the Director join in recommending this court an appropriate discipline to be imposed.

The court having considered the petition and the stipulation NOW ORDERS:

1. That the respondent is hereby indefinitely suspended from the practice of law. Such suspension shall be for at least 30 days from and after the date of this court's order or 30 days from the date respondent is fully reinstated by this court upon filing with the court proof of compliance with the Rules of Continuing Legal Education, whichever period is longer.

2. Upon complying with the condition of furnishing proof that CLE requirements have been completed, the further requirements of Rule 18, Rules on Lawyers Professional Responsibility, are waived, provided that the respondent file with this court an affidavit stating his compliance with Rules 24 and 26, Rules on Lawyers Professional Responsibility, and provided further that the Director does not file an affidavit in opposition to reinstatement. Upon any reinstatement, respondent would thereafter be on two years supervised probation to an attorney nominated by the respondent and acceptable to the Director.

3. During the term of respondent's probation:

   (a) The supervisor shall file at least quarterly with the Director written reports establishing the following:

   (1) That during the probation respondent has fully cooperated with the supervisor in the supervisor's efforts to monitor compliance with the terms of the probation.

   (2) That respondent has initiated and maintained office procedures to insure prompt responses to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which the respondent is handling and which will insure that the respondent regularly conducts a review in each and every file and completes the legal matters on a timely basis.

   (3) That the respondent has complied fully with the requirement for continuing legal education and attorney registration throughout the probation.

   (4) That the respondent has refunded all unearned fees to complainant Klosowski within 30 days of this court's order.

   (b) That the respondent pay to the Director the sum of $750 in costs, said costs to be payable within 60 days of the date of this order.