**In re Petition for Disciplinary Action against David A. HART, an Attorney at Law of the State of Minnesota.**

No. C4–88–2187.

Supreme Court of Minnesota.

Sept. 29, 1989.

William J. Wernz, Kenneth L. Jorgensen, Office of Lawyers Professional Responsibility, St. Paul, for appellant.

David Hart, St. Paul, for respondent.

**PER CURIAM.**

Respondent, David A. Hart, is currently suspended from the practice of law in the State of Minnesota. The Director of the Office of Lawyers Professional Responsibility (hereinafter "Director") filed a petition for further disciplinary action against respondent. Respondent did not answer the petition; therefore, we accepted the allegations in the petition as admitted pursuant to Rule 13(b), Rules on Lawyers Professional Responsibility (RLPR). Moreover, respondent appeared at oral argument and verbally acknowledged the truth of the allegations.

The only issue is the appropriate discipline we should impose. Respondent did not file a written proposal with respect to this issue; however, at oral argument, he indicated that he accepts the proposed discipline of the Director. The Director recommended extending respondent's indefinite suspension to a minimum period of 3 years and disallowing reinstatement until respondent complies with earlier requirements imposed by Rule 18, RLPR. We accept the recommendation of the Director with one modification.

Respondent was admitted to practice law in Minnesota in 1984. On October 28, 1988, we indefinitely suspended respondent for a

minimum period of 30 days for neglecting legal matters, failing to communicate with clients, and practicing law while on restricted status. *In re Hart*, 431 N.W.2d 108, 109 (Minn.1988). Respondent's reinstatement was contingent on filing proof of compliance with the Rules of Continuing Legal Education and with Rules 24 and 26, RLPR.[1] Upon reinstatement, respondent would practice for 2 years on supervised probation subject to certain terms, including the requirements that respondent refund all unearned fees to a former client (Klosowski) and pay the Director Seven Hundred Fifty and No/100 Dollars ($750) in costs. *Id.* at 109. Respondent has filed proof of compliance with the Rules of Continuing Legal Education, but has not fulfilled the remaining conditions of the suspension order. Respondent has committed further unprofessional acts in addition to the acts for which we suspended him. In sum, respondent has misappropriated fees, lied to a client, failed to provide information requested by the Director, failed to notify clients of his suspension, and failed to refund unearned fees to complainant, George Klosowski. Below is a summary of the details of these acts.

Before his suspension, Ruttenberg, Griswold, Orren & Associates law firm (hereinafter "Ruttenberg") employed respondent as an independent contractor. Ruttenberg billed clients for respondent's legal work. In 1988, respondent received and misappropriated Six Hundred Two and 40/100 Dollars ($602.40) in fees from a client (B.K.) to his own benefit. Respondent also received One Thousand, Two Hundred Fifty and No/100 Dollars ($1,250.00) from B.K. as a retainer. He did not deposit the retainer into a trust account. Respondent did not tell Ruttenberg about the fees or the retainer, but did submit time records on the B.K. matters to Ruttenberg, for which it paid respondent Four Hundred Fifty-seven and 80/100 Dollars ($457.80). In November 1988, Ruttenberg notified B.K. of re-

spondent's suspension. B.K. then told the firm about the fees and the retainer he had given respondent. Ruttenberg credited B.K. for the payments. Respondent has made restitution of One Thousand and No/100 Dollars ($1,000.00) to the firm and still owes Eight Hundred Fifty-two and 40/100 Dollars ($852.40).

Respondent's misappropriation of the One Thousand, Two Hundred Fifty and No/100 Dollars ($1,250.00) retainer violated Minn.R.Prof.Conduct 1.15(a) and 8.4(c), (d). Respondent's misappropriation of the Six Hundred Two and 50/100 Dollars ($602.50) fee paid by B.K. violated Minn.R.Prof.Conduct 8.4(c), (d).

Before his suspension, respondent told his client, Martin Krzywicki, that he had scheduled two depositions when he had never even served the deponents. When Krzywicki later asked about the depositions, respondent falsely answered that the deponents had failed to appear rather than telling him the deposition had never taken place. On November 14, 1988, respondent told Krzywicki that "there would be no problem" with a deposition scheduled for November 18, 1988, neglecting to add that he was suspended. A partner at Ruttenberg cancelled the November 18 deposition after discovering respondent's suspended status. Krzywicki found out about respondent's suspension and the cancelled deposition on November 22 when he appeared at Ruttenberg to ask about the outcome of the November 18 deposition. Respondent's false statements to Krzywicki violated Minn.R.Prof.Conduct 8.4(c), (d).

Pursuant to the Director's request, respondent submitted written responses to the Krzywicki and B.K. complaints. These responses were incomplete. In his response to the Krzywicki complaint, respondent promised to provide a more detailed narrative and list of activities. In his response to the B.K. complaint, respondent referred to an attached list of payments

---

1. Rule 24, RLPR requires the non-prevailing party to pay $750 in costs. Rule 26, RLPR requires suspended lawyers to send written notice of suspension within 15 days of the suspension order to all clients, counsel and tribunals involved in pending matters.

from Ruttenberg. Respondent did not attach the list; rather, he attached a "post-it" note which stated: "I will forward the info (sic) from question 4, but I am sending the rest now. DAH." Respondent never did provide the promised additional information for either complaint even after the Director wrote respondent requesting the information and warning him that failure to respond could constitute independent grounds for discipline. Respondent's noncooperation violated Minn.R.Prof.Conduct 8.1(a)(3), 8.4(d) and Rule 25, RLPR.

This court's October 27, 1988 suspension order required respondent to comply with Rule 26, RLPR. *In re Hart*, 431 N.W.2d 108, 109 (Minn.1988). On November 7, 1988, the Director's office wrote respondent, reminding him of this obligation. In violation of Rule 26, respondent did not send notices of his suspension to clients, opposing counsel and tribunals within 15 days of the suspension order. In addition to violating Rule 26, RLPR, respondent's failure to send notices of suspension violated Minn.R.Prof.Conduct 3.4(c), 8.4(d), 1.4, and 1.16(a)(1), (d).

We also ordered respondent to "refund all unearned fees to complainant Klosowski within 30 days of this court's order." *In re Hart*, 431 N.W.2d 108, 109 (Minn.1988). He did not. Moreover, respondent did not respond to Klosowski's calls and letter requesting the fees. On January 24, 1989, Klosowski sued respondent in Ramsey County Conciliation Court and obtained a judgment for Four Hundred Sixteen and No/100 Dollars ($416.00) against respondent. Respondent has failed to make any payments in satisfaction of this judgment. Respondent's failure to refund unearned fees to Klosowski violated Minn.R.Prof. Conduct 3.4(c) and 8.4(d).

Since respondent has admitted all allegations of misconduct, the only issue before us is: What is the appropriate discipline for an attorney who misappropriates funds, deceives a client, fails to cooperate with disciplinary investigations commenced after suspension, fails to send suspension notices, and fails to refund unearned fees to a client as required by court order?

The purpose of a disciplinary action is to protect the public. *In re Ray*, 408 N.W.2d 581, 583 (Minn.1987). In hearing attorney disciplinary cases, this court must carefully weigh the nature of the misconduct, the cumulative weight of disciplinary rule violations, the harm to the public and the harm to the legal profession. *In re Jensen*, 418 N.W.2d 721, 722 (Minn. 1988). Although each case stands on its own facts, prior cases are helpful by analogy. *In re Wareham*, 413 N.W.2d 820, 821 (Minn.1987).

Misappropriation of funds warrants serious sanctions and often disbarment. *Id.; In re Simonson*, 365 N.W.2d 259, 261 (Minn.1985). We have considered two cases involving misappropriation of law firm funds. *In re Holly*, 417 N.W.2d 263 (Minn.1987); *In re Rued*, 390 N.W.2d 281 (Minn.1986).

In *Holly*, an attorney contravened his partnership agreement with his firm by retaining fees of approximately Six Thousand, Three Hundred and No/100 Dollars ($6,300.00) from 13 clients. In addition, the attorney failed to include this income in his tax returns. Several mitigating circumstances existed: the attorney voluntarily told his partners that he had retained the fees; he admitted that his conduct violated professional rules; he made full restitution to the firm; he did not misappropriate the fees; he suffered from a substance abuse disorder for which he regularly attended Alcoholics Anonymous meetings; and, finally, he filed amended tax returns. We imposed 2 years' probation, Seven Hundred Fifty and No/100 Dollars ($750.00) in costs, and required the attorney to take the professional responsibility portion of the bar examination. *In re Holly*, 417 N.W.2d 263, 264 (Minn.1987).

The facts in *Rued* are similar to the present action. In *Rued*, as here, the attorney did not report receiving fees from

clients to his employing law firm nor did he credit the client for those fees. The attorney converted approximately One Thousand, Two Hundred Forty-seven and No/100 Dollars ($1,247.00) to his own use. Further, the attorney did not fully cooperate with the Director. As discipline, the court suspended the attorney for a minimum of 6 months and imposed 2 years' supervised probation upon his reinstatement. *In re Rued*, 390 N.W.2d 281, 282 (Minn.1986).

Respondent's misconduct surpasses *Rued* and *Holly*. Here, unlike *Holly*, respondent misappropriated fees to his own benefit and offers no mitigating factors in his defense. Moreover, not only did respondent fail to credit B.K.'s account for the fees, he also submitted time records on the B.K. matters to Ruttenberg for payment. Respondent has made restitution of One Thousand and No/100 Dollars ($1,000.00) to Ruttenberg, but still owes Eight Hundred Fifty-two and No/100 Dollars ($852.00).

Misrepresenting facts to clients is also serious misconduct. *See, e.g., In re McCoy*, 422 N.W.2d 731, 733–34 (Minn. 1988) (four incidents of misrepresentations to clients coupled with neglect and non-cooperation with the Director's investigation warrants indefinite suspension of at least 18 months); *In re Schmidt*, 402 N.W.2d 544, 548–50 (Minn.1987) (misrepresentations to judge, opposing counsel and client and neglect of clients merit public reprimand and a 6–month suspension).

Before his suspension, respondent twice lied to Krzywicki about depositions. After his suspension, respondent falsely told Krzywicki that "there would be no problem" with a deposition he had scheduled for November 18, 1988. By not notifying clients of his suspension, respondent falsely represented that he could still legitimately handle legal matters. This conduct requires additional discipline.

With respect to non-cooperation with the Director, we have stated that failure to respond to an initial notice of a disciplinary investigation is less serious than a case where the court imposed a 6–month suspension for "flagrant noncooperation." *In re Wareham*, 413 N.W.2d 820, 822 (Minn. 1987) (citing *In re Cartwright*, 282 N.W.2d 548 (Minn.1979)). Other cases imposing discipline for non-cooperation involve more than one incident. *See, e.g., In re Schaefer*, 423 N.W.2d 680, 681–82 (Minn.1988) (repeated failure to respond to requests for information and attend prehearing meeting and panel hearing, *inter alia*, warrants indefinite suspension); *In re Moore*, 387 N.W.2d 435, 437 (Minn.1986) (failure to respond to Director's letters and attend scheduled meetings, along with neglect of client matters, warrants a 6–month suspension).

Pursuant to the Director's request, respondent did submit written responses to the Krzywicki and B.K. complaints. Respondent said he would send more details. He did not provide the promised additional information although the Director wrote respondent requesting the information and warned him that failure to respond could constitute independent grounds for discipline. Yet, respondent has not completely ignored the Director's requests as in other cases where this court has disciplined attorneys for non-cooperation. Beyond not sending additional details, the Director does not allege any uncooperative behavior by respondent. Respondent has cooperated with the Director in both disciplinary proceedings by stipulating to dispense with panel proceedings. Like *Wareham*, the failure to respond to one notice of the Director does not, in itself, warrant suspending respondent for more than 6 months.

There are several aggravating factors in this action. First, this is respondent's second appearance before this court in less than 1 year. His continued unprofessional conduct after suspension is also an aggravating factor because, "[a]fter a disciplinary proceeding, this court expects a renewed commitment to comprehensive ethical and professional behavior." *In re Si-*

*monson,* 420 N.W.2d 903, 906 (Minn.1988). Moreover, respondent demonstrated dishonest and selfish motives by "double dipping," *i.e.,* misappropriating fee payments from B.K. while also submitting time statements to Ruttenberg.

A mitigating factor is that respondent has made partial restitution to Ruttenberg for the misappropriated fees in the amount of One Thousand and No/100 Dollars ($1,000.00). He still owes the firm Eight Hundred Fifty-two and 40/100 Dollars ($852.40).

This court finds that the conduct of respondent requires the following:

1. Respondent is indefinitely suspended from the practice of law.

2. He will be ineligible to file for reinstatement before September 1, 1992.

3. He may file for reinstatement only after making restitution to all persons for losses outlined above and by fulfilling all requirements of Rule 18, RLPR with the exception that he need take only the ethics portion of the bar examination.

4. Respondent shall pay Seven Hundred Fifty and No/100 Dollars ($750.00) in costs to the Director of the Lawyers Professional Responsibility Board.