**In re Petition for Disciplinary Action against Nancy A. EVANS, an Attorney at Law of the State of Minnesota.**

**No. C4-89-1776.**

Supreme Court of Minnesota.

Oct. 19, 1990.

William J. Wernz, Director of the Office of Lawyers Professional Responsibility, Thomas C. Vasaly, First Asst. Director, St. Paul, for appellant.

Stephen P. Doyle, Doyle & Michaels, Minneapolis, for respondent.

PER CURIAM.

This matter comes before us on a petition for disciplinary action by the Director of the Office of Lawyers Professional Responsibility against Nancy A. Evans. Both parties have previously stipulated, and the hearing referee has recommended, that public reprimand is the appropriate discipline for Evans' conduct. Respondent Nancy A. Evans does not dispute the facts found by the referee and joins him in urging this court to impose the recommended discipline.

## FACTS

All material facts in this case are admitted. Nancy A. Evans was elected by Mower County voters to be their county attorney and entered office in January, 1987. On January 18, 1988, Evans filed a juvenile delinquency petition alleging two juveniles had participated in a murder three days earlier. On January 20, Judge William Nierengarten issued a gag order in the case. One of the juveniles waived his rights as a juvenile on the morning of his scheduled reference hearing; that afternoon he pleaded guilty to second degree murder. Immediately after this, Evans made statements to a reporter about his involvement in the murder, although she didn't name him. On April 8, Evans visited the senior citizens' center in Austin and spoke to a gathering of center members about the defendant's role in the murder.

On April 23, a second brutal murder occurred in Mower County, and Evans brought juvenile delinquency proceedings against another juvenile. On May 3, Evans made statements to a reporter about this juvenile suspect.

On July 12, 1988, Evans pleaded guilty to a violation of Minn.Stat. § 260.161, subd. 3 (1988) in connection with her statements in the first case.

The referee found, just as the parties have stipulated, that Evans' two statements about the first case included information protected by Judge Nierengarten's gag order, and that all three of her statements included information from peace officers' records and from court records other than "legal records". The record before this court, including the court files in the juvenile cases and a transcript of Judge Nierengarten's gag order, fully supports the referee's findings.

### Referee's Conclusions of Law and Recommendation

The referee concluded that Evans's April 5 news interview and April 8 talk to senior citizens violated Judge Nierengarten's January 20 order and Minn.Stat. § 260.161, subds. 2, 3 (1988), thereby violating Minn.R.Prof. Conduct 3.4(c) and 8.4(d).

The referee recommended that Evans be publicly reprimanded and ordered to pay the Director $750 in costs. This court places great weight upon the referee's recommendations, but the final responsibility for determining appropriate sanctions rests with this court. *In re Larsen,* 459 N.W.2d 115, 120 (Minn.1990). To determine the appropriate sanction the court weighs the nature of the misconduct, the cumulative weight of the disciplinary rule violation, the harm to the public, and the harm to the legal profession. *In re Munns,* 427 N.W.2d 670, 671 (Minn.1988).

We view violation of a judge's order to be serious misconduct and stress that this opinion is not meant to disparage the obligation of all attorneys to obey court orders. Having said this, we are mindful in this case of Evans' inexperience and apparent lack of contempt as she committed her admittedly serious violations. The referee concluded that Evans will not repeat this misconduct in the future. Indeed, we note that no further complaints have arisen against Evans and that she competently and successfully prosecuted the three murder cases that underlay her statements.

We view Evans's violations as arising from her inexperience. In an earlier disciplinary case, we reduced the referee's recommended disciplinary disposition in light of an attorney's relative inexperience. *In re Getty,* 401 N.W.2d 668, 671 (Minn.1987). The *Getty* court pointed out that the respondent was charged with misconduct occurring in his sixth year of practice and found as a mitigating factor that he "ha[d] only been in practice a relatively short time." *Id.* Evans graduated from law school in 1982, clerked for judges after graduation, had been county attorney for just over one year at the time of her violations, and had never before tried a serious felony. Since the beginning of this discipli-

nary action, she has cooperated fully with the Director's investigation, performed competently as an attorney, and has given no cause to doubt her future professional conduct.

Sanctions are imposed according to the unique facts of each case, but earlier cases are useful for drawing analogies. *In re Wareham,* 413 N.W.2d 820, 821 (Minn. 1987). Among the many reported decisions of this court on attorney discipline, the one with the most nearly similar facts is *In re Morris,* 419 N.W.2d 70 (Minn.1987). In *Morris,* a county attorney withheld exculpatory information from defense counsel and violated a judge's order requiring sequestration of child witnesses. Morris was publicly reprimanded and ordered to pay costs to the Director. *Id.*

Both the Director and counsel for Evans distinguished *Morris* as a case involving a more serious violation than that of Evans. Because we agree with their suggestions that Evans will not repeat her misconduct and that she has both the ability and inclination to serve the public well as an attorney, this court NOW ORDERS:

1. Respondent Nancy A. Evans is publicly reprimanded for the unprofessional conduct found by the referee in his conclusions.

2. Respondent shall pay costs to the Director of the Office of Lawyers Professional Responsibility in the amount of $750 within 60 days of the date on which this order is released.