**In re the Petition for DISCIPLINARY ACTION AGAINST James W. HUNTER, Jr., an Attorney at Law of the State of Minnesota.**

**No. C2–89–934.**

Supreme Court of Minnesota.

Aug. 16, 1991.

---

William J. Wernz, Director of the Lawyers Professional Responsibility Bd., Kenneth L. Jorgensen, Asst. Director, St. Paul, for appellant.

James W. Hunter, Jr., pro se.

PER CURIAM.

Respondent James W. Hunter, Jr. was temporarily suspended from the practice of law pending final determination of this disciplinary proceeding by order of this court dated December 10, 1990. *In re Hunter*, 463 N.W.2d 535 (Minn.1990). Respondent is now before us, by February 23, 1991 order, so we may determine whether he should be disbarred. We will consider the stipulation submitted by the parties for respondent's disbarment as a part of the record as a whole.

Respondent was admitted to practice law in Minnesota on April 22, 1976. He was suspended from practice for six months on August 7, 1989, for: (1) neglect, non-communication with a client, and failure to return documents in a client matter; (2) wrongful withdrawal of funds in his own marriage dissolution action; and (3) non-cooperation with the director. The court conditioned his reinstatement upon, among other things, respondent providing the director with a psychological evaluation from a licensed consulting psychologist or psychiatrist indicating respondent was free of disability and capable of effectively representing clients. Respondent was also required to pass the Professional Responsibility portion of the Minnesota State Bar examination and to prove he was current with both his CLE requirements and with any treatment recommendations of the consulting psychologist or psychiatrist. Following the suspension, respondent was to be on supervised probation for two years.

On August 9, 1990, while under suspension, respondent received two admonitions, the first for failure to communicate with a client, and the second for lack of diligence

and failure to notify parties of his suspension.

Respondent was reinstated to practice on September 4, 1990. On September 24 and October 10, 1990, the director received complaints which formed the basis of a petition issued October 11, 1990, for revocation of respondent's probation and for further disciplinary action. Because respondent did not file an answer to the director's petition, this court, on January 10, 1991, ordered the allegations against respondent deemed admitted, pursuant to Rule 13(b), RLPR. The court also appointed the director trustee for respondent's clients' files. On January 11, 1991 respondent appeared at the director's office without counsel and signed a stipulation for disbarment.

■ The petition before us sets forth three counts of misconduct. First, respondent continued to represent Jeanne Lewellyn after his August, 1989 suspension. On December 11, 1989, respondent settled Lewellyn's personal injury suit for $23,500, forged her signature to the settlement check and misappropriated the funds. Respondent did not notify Lewellyn of the settlement and, in response to her inquiries concerning the status of the case, misrepresented that the case had not been settled in order to conceal his actions. In June, 1990, after Lewellyn threatened to retain new counsel, respondent claimed the case was settled and had Lewellyn sign a settlement sheet which falsely listed the gross settlement as $22,500. In addition, the settlement sheet contained approximately $900 for fabricated unpaid medical bills which respondent claimed would have to be subtracted from the gross settlement amount. Respondent misappropriated both the $900 for false medical claims, as well as the $1,000 difference between the amount he claimed to have settled the action for and the settlement check he actually received, thereby violating Rules 1.15(b), 4.1, 8.4(b), (c) and (d), Minn.R.Prof.Conduct, and the court's earlier probation order.

The second count of misconduct arose from respondent's failure to cooperate with the director in the investigation of the Lewellyn complaint. The director asked respondent to provide a written response to the Lewellyn complaint by October 5, 1990 and to provide a sworn statement at 10:30 a.m. on October 11, 1990. The director delivered a confirmation letter to respondent on September 25, 1990. While respondent did appear on October 11, 1990 to give his sworn statement—where he admitted misappropriating Lewellyn's funds—he did not provide a written reply to the complaint, thereby violating Rule 8.1(a)(3), Minn.R.Prof.Conduct, Rule 25, RLPR, and the court's probation order.

The third count of misconduct arose when respondent continued to represent Jeanne Lewellyn and Colleen O'Connor while still serving his August 7, 1989 suspension. Although respondent filed two affidavits in September, 1989 swearing he had complied with this court's suspension order and Rule 26, RLPR, regarding notification of clients and adverse parties of his suspension, respondent did not notify either Lewellyn or O'Connor of his suspension, thereby violating Rule 5.5(a), Minn.R.Prof.Cond. and the court's probation order.

■ When determining appropriate disciplinary sanctions, this court considers the nature of the misconduct, the cumulative weight of the disciplinary violations, as well as the harm to both the public and the legal profession. *In re McCoy*, 447 N.W.2d 887, 890 (Minn.1989). Specific factors to be explored include the extent of client injuries, previous misconduct and discipline and any mitigating circumstances. *Id.*

■ Respondent's actions in misappropriating funds from Lewellyn merit severe sanctions. Misappropriation of client funds is a serious offense, as is misrepresenting facts to a client. *In re Hart*, 445 N.W.2d 836, 838–39 (Minn.1989). Moreover, misappropriation of client funds involving forgery of the client's signature warrants disbarment. *In re Selb*, 395 N.W.2d 81 (Minn. 1986). Here, respondent misappropriated client funds by forging a client's signature while concealing the misappropriation by misrepresenting the facts of the settlement to the client. The situation is exacerbated by the extent of Lewellyn's injuries, includ-

ing not only the loss of $1,900, but the frustration and aggravation associated with the delay engendered by respondent concealing the misappropriation.

Respondent's conduct is all the more offensive because Lewellyn's case was settled and the funds misappropriated while respondent was suspended from the practice of law. Not only does the deliberate violation of a suspension order constitute unauthorized practice of law "it also constitutes contempt of court." *In re Jorissen*, 391 N.W.2d 822, 826 (Minn.1986). Not only did respondent violate the terms of the August 7, 1989 suspension order, there is evidence that he violated the December 10, 1990 temporary suspension order as well.

Respondent's situation is aggravated by his prior history of misconduct and discipline. Continued misconduct following disciplinary sanctions is an aggravating factor because "[a]fter a disciplinary proceeding, this court expects a renewed commitment to comprehensive ethical and professional behavior." *In re Simonson*, 420 N.W.2d 903, 906 (Minn.1988). Respondent has received several disciplinary sanctions within the last four years including: suspension for failure to pay his attorney registration fee; three admonitions; and suspension and probation pursuant to this court's August 7, 1989 order. As for mitigating circumstances, respondent has presented none to the court.

On the basis of the record before us, including the extent of client injuries, respondent's past misconduct and disciplinary sanctions, respondent's violation of suspension orders amounting to contempt of court, and respondent's stipulation to disbarment, we conclude that respondent must be disbarred to prevent further injury to the public and to the legal profession.

It is ordered that James W. Hunter, Jr. is hereby disbarred.