**In Re Petition for DISCIPLINARY ACTION AGAINST Thomas F. MARESH, an Attorney at Law of the State of Minnesota.**

No. C7–95–1084.

Supreme Court of Minnesota.

Nov. 3, 1995.

Marcia A. Johnson, Director, Kenneth L. Jorgensen, First Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, for appellant.

Thomas F. Maresh, Eden Prairie, Pro Se.

## OPINION

PER CURIAM.

The Director of the Office of Lawyers' Professional Responsibility filed a petition for disciplinary action against respondent Thomas F. Maresh, together with the parties' stipulation for respondent's temporary suspension from the practice of law. Respondent was suspended on May 26, 1995. When respondent failed to serve and file an answer to the petition for disciplinary action, the allegations of misconduct were deemed admitted pursuant to Rule 13(b), Rules on Lawyers Professional Responsibility.

Respondent was admitted to practice law in October 1990. During the period of our inquiry, from August 1994 through April 1995, respondent misappropriated client funds belonging to three separate clients. He engaged in a complicated pattern of applying the funds of one client for the benefit of another, of misappropriating trust account funds by depositing them into his business account, and of issuing trust account checks in amounts in excess of the account balance. Respondent has not made restitution to two of the clients entitled to funds.

To conceal the misappropriations, respondent contrived a series of explanations, including that the conduct was accidental, that funds had been properly disbursed when they had not been and, most incredibly, that funds had been held in a foreign trust account in Belgium and that he had instructed that bank to transfer the funds to his Elk River trust account. Not only were these explanations false, but on a number of occasions during the director's investigation, the misrepresentations were made under oath.

In addition to this misappropriation and misrepresentation, respondent failed to maintain proper trust account books and records, had no receipts and disbursements journal or check register, and failed to perform trial balances and reconciliations of his trust account.

We view these cumulative violations as very serious and demonstrative of respondent's unfitness to practice law. Taken separately, acts of misappropriation, misrepresentation, and trust account mismanagement all warrant serious discipline. The fact that these acts of misconduct occur simultaneously compounds the seriousness of respondent's behavior. *See In Re Hunter*, 473 N.W.2d 866 (Minn.1991). The respondent has not offered any mitigating circumstances and, accordingly, we order that Thomas F. Maresh be disbarred from the practice of law.

Disbarred.