In re Petition for DISCIPLINARY ACTION AGAINST Amanda Lyn RUFFING, f/k/a Amanda Lyn Koble, a Minnesota Attorney, Registration No. 0386825.

No. A15–1243.

Supreme Court of Minnesota.

Feb. 11, 2016.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Amanda Lyn Ruffing committed professional misconduct warranting public discipline—namely, practicing law while her license was suspended; failing to properly file pleadings on behalf of a client; failing to file a notice of withdrawal; failing to inform a client that her license was suspended; and filing an affidavit that falsely stated that she did not have any clients at the time of her suspension. See Minn. R. Prof. Conduct 1.4(a)(3), 1.4(b), 1.16(c), 3.4(c), 5.5(a), 8.1(a), 8.4(c), and 8.4(d), and Rule 26, Rules on Lawyers Professional Responsibility (RLPR).

The parties filed a stipulation for discipline. In it, respondent waives her procedural rights under Rule 14, RLPR, withdraws her previously filed answer, and unconditionally admits the allegations in the petition. The parties jointly recommend that the appropriate discipline is a public reprimand. Respondent acknowledges in the stipulation that, "based upon these admissions, this Court may impose any of the sanctions set forth in Rule 15(a)(1)–(9), RLPR, including making any disposition it deems appropriate," and that the Director has not made "any representations as to the sanctions the Court will impose."

In a March 2013 order suspending respondent for committing professional misconduct, we required respondent to file proof of her successful completion of the professional responsibility portion of the state bar examination by March 13, 2014. In re Koble, 827 N.W.2d 765, 765 (Minn. 2013) (order). After respondent failed to provide such proof, we indefinitely suspended her. In re Koble, 845 N.W.2d 157, 157 (Minn.2014) (order). In the current disciplinary case, respondent has admitted, among other things, to practicing law while she was suspended for having failed to comply with the requirement of our previous suspension order that she pass the professional responsibility portion of the state bar examination.

"Practicing law in deliberate violation of a suspension order not only 'constitute[s] unauthorized practice of law[,] it also constitutes contempt of court.'" In re Grigsby, 815 N.W.2d 836, 845 (Minn.2012) (quoting In re Hunter, 473 N.W.2d 866, 869 (Minn.1991)). Moreover, respondent has twice defied our disciplinary suspension orders. As a result, we reject the parties' recommended discipline of a public reprimand. See In re Jaeger, 834 N.W.2d 705, 708 (Minn.2013) (explaining that the court has applied "harsher discipline" when a lawyer practices law while on a disciplinary suspension, as compared to when a lawyer practices law while suspended for noncompliance with registration fees or CLE requirements). We conclude that the appropriate discipline is a suspension for a minimum of 30 days.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent Amanda Lyn Ruffing is suspended from the practice of law for a minimum of 30 days, effective 14 days from the date of this order;

2. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR;

3. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals);

4. Respondent shall be eligible for re-instatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that she is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court; and

5. Within 1 year of the date of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the professional responsibility portion of the state bar examination. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

BY THE COURT:

/s/_____
David R. Stras
Associate Justice