**In re Petition for DISCIPLINARY ACTION AGAINST Stephen W. SHAUGHNESSY, an Attorney at Law of the State of Minnesota.**

No. C0–90–95.

Supreme Court of Minnesota.

April 5, 1991.

William J. Wernz, Candice M. Hojan, St. Paul, for Lawyers Professional Responsibility Bd.

Paul D. McRoberts, Minneapolis, for respondent.

## PER CURIAM.

This matter comes to us on the petition of the director of the Lawyers Professional Responsibility Board for disciplinary action against respondent Stephen W. Shaughnessy, who was admitted to the practice of law in 1962. Having considered allegations of professional misconduct with respect to the affairs of four clients, the referee concluded that respondent's failure to communicate adequately with three clients and his misleading statements regarding the status of their cases amounted to unprofessional conduct justifying suspension.

The first allegation arose out of respondent's representation of the plaintiff in a personal injury action. Although the defendant's settlement offer had increased significantly during the four years of respondent's representation preceding the hearing, respondent failed on numerous occasions to respond to his client's inquiries or to communicate with opposing counsel; and when respondent did contact his client, he misled the client concerning the status of the action on the court calendar. The referee concluded that respondent's conduct with respect to this client violated Rules 1.3, 1.4(a), 3.2, and 4.1, MRPC, but that, contrary to the director's contention, respondent's misconduct neither caused nor exacerbated any illness from which the client may have suffered nor caused the client any financial loss.

The second area of inquiry concerned respondent's conduct with respect to claims arising out of the death of a minor child killed when a drunken driver struck the car in which the child was riding. Engaged by the child's parents, respondent negotiated recovery of the limits of his clients' uninsured motorist coverage and a court-approved settlement of the claim for uninsured motorist benefits provided by the policy covering the vehicle in which the child was a passenger. Respondent also instituted actions pursuant to the civil damage act but declined to sue the host driver for negligence. During the protracted course of this litigation respondent repeatedly failed to communicate with his clients and misrepresented the status of the cases and the time of trial. Respondent's failure to answer interrogatories in a timely fashion resulted in court-imposed sanctions.

While representing the trustee in another action for wrongful death, the respondent failed to deposit checks representing proceeds allocated to the decedent's three minor children. Nearly three years later, after the client had lodged a complaint with the director, the endorsed but uncashed checks were located in an unrelated file. Respondent deposited the checks and replaced lost income from his own funds. The referee concluded that although respondent's mishandling of the minor settlement checks did not warrant the imposition of sanctions, the respondent's failure to communicate adequately the status of the claims, his misrepresentations concerning their status, and his failure to advise his client of the reasons for the delay in resolving the claim for benefits pursuant to the underinsured motorist coverage and in instituting an action against a defendant other than the settling tortfeasor violated Rules 1.3 and 1.4(a), MRPC.

Finally, the referee characterized respondent's failure to appear at a scheduled hearing in a criminal matter as neglectful but concluded that under the circumstances disclosed by the record it did not violate the Rules of Professional Conduct.

■ The referee found, and we agree, that in none of these cases did respondent's conduct prejudice the client's position. Regardless that respondent's conduct does not jeopardize the client's position with respect to a claim, a lawyer's failure to communicate with the client and misrepresentations regarding the status of a pending case are intensely frustrating to the client, reflect adversely on the bar, and are destructive of public confidence in the legal profession.

■ We have long recognized that the purpose of disciplinary action is not to pun-

ish but rather to guard the administration of justice, to protect the courts, the legal profession and the public. *In the Matter of the Application for the Discipline of Schmidt*, 402 N.W.2d 544, 550 (Minn.1987). The nature of the misconduct, the cumulative weight of the disciplinary violations, the harm to the public and to the legal profession are all factors considered when determining the appropriate discipline. *See, e.g., In re Klemek*, 446 N.W.2d 391 (Minn.1989). Respondent's misconduct, particularly when viewed in connection with the circumstances giving rise to two prior warnings and a private admonition, reveal a pattern of unprofessional conduct which requires suspension, albeit for a shorter period than advocated by the director.

It is, therefore, the judgment of this court:

(1) We hereby publicly reprimand respondent Stephen W. Shaughnessy and commencing ten (10) days from the date of issuance of this opinion respondent is suspended from the practice of law for thirty (30) days with reinstatement automatic at the end of that period.

(2) Compliance with the requirements of Rules 18 and 26, Rules on Lawyers Professional Responsibility, shall not be a condition of reinstatement.

(3) Respondent shall, within nine (9) months of the date of issuance of this opinion, successfully complete such written examination on the subject of professional responsibility as the State Board of Law Examiners requires for admission to the practice of law.

(4) Within ninety (90) days respondent shall pay $750.00 in costs pursuant to Rule 24(d), Rules on Lawyers Professional Responsibility.

(5) Following reinstatement the respondent shall be subject to supervised probation for a period of two (2) years.

IT IS SO ORDERED.