**In re Petition for DISCIPLINARY ACTION AGAINST Timothy D. CLEMENTS, an Attorney at Law of the State of Minnesota.**

**No. C9–92–1069.**

Supreme Court of Minnesota.

July 2, 1993.

Marcia A. Johnson, Director, Office of Lawyers Professional Responsibility, Karen A. Risku, St. Paul, for appellant.

Timothy D. Clements, pro se.

PER CURIAM.

This matter comes before us on a petition for disciplinary action against Timothy D. Clements. The referee has recommended that respondent be indefinitely suspended from the practice of law and not be allowed to petition for reinstatement for one year.

All material facts in this case have been admitted by Clements or are deemed true because of his failure to participate in these disciplinary proceedings.

On December 27, 1989, this court placed Clements on Continuing Legal Education ["CLE"] restricted status for failing to make timely submission verifying that he had completed his CLE requirements.

While on restricted status, he actively practiced law, including representing persons other than himself and close relatives. In addition, he failed to pay the registration fee due on or before December 31, 1991, as required by Rule 2, Supreme Court Rules for the Registration on Attorneys, and was thus automatically suspended by operation of Rule 3.

In addition to not completing his CLE requirements or paying his registration fee, respondent has admitted violations of the Rules of Professional Responsibility. In 1985, respondent was retained to represent a client in a real estate matter. Respondent advised the client that the matter should be completed within approximately two years.

In March of 1990, the client asked respondent to advise him of the status of the matter within two weeks. Respondent did not. Next the client wrote respondent requesting copies of all documents served in the matter. Respondent did not answer the letter, so the client again requested the documents. He received no response.

In June 1991, a second client retained respondent to represent him in a wage claim against a former employer. Respondent agreed to write a demand letter. Two weeks later, the client telephoned to see what progress had been made. Respondent told him that he had not yet received a reply. This was deceitful: Respondent had not even sent the letter. At this point, respondent agreed to initiate litigation. He did not send the client any copies of correspondence or pleadings. It also appears that respondent did not return phone calls requesting a copy of the reply.

In November of 1991, the client visited respondent's office to inquire about the status of his case. Respondent told him that the sheriff's office was in the process of serving the complaint. When the client called the sheriff's office, however, he was told that the sheriff had not received any pleadings from Respondent.

In mid-October 1991, respondent agreed to appeal a Minnesota Department of Jobs and Training decision denying an unemployment compensation claim for the same client. Respondent did not send him any documents regarding the appeal. Again respondent was deceitful: he represented that he had filed an appeal. He had not.

The Director has also filed a supplemental petition alleging that respondent has failed to cooperate with the disciplinary process and continued to practice law while on restricted status. Following a hearing regarding the two petitions, the referee recommended that we indefinitely suspend respondent for a minimum period of one year with any reinstatement conditioned upon his satisfaction of certain conditions.

Respondent interposed an answer admitting the allegations in the first petition. Respondent did not answer the supplemental petition, thus those allegations are deemed admitted. *See In re Graham*, 436 N.W.2d 782 (Minn.1989). The only issue before us is whether the recommended sanction is appropriate.[1]

■ "The purpose of attorney discipline is not to punish the attorney, but rather to protect the courts, the public and the legal profession, as well as to guard the administration of justice." *In re Madsen*, 426 N.W.2d 434, 435 (Minn.1988). Discipline also serves to deter similar attorney misconduct. *In re Levenstein*, 438 N.W.2d 665, 668 (Minn.1989).

■ In considering the appropriate sanction, we weigh the following factors: (1) the nature of the misconduct, (2) the cumulative weight of the disciplinary violations, (3) the harm to the public, and (4) the harm to the legal profession. *In re Walker*, 461 N.W.2d 219, 222 (Minn.1990) (citations omitted). While we determine sanctions based upon the unique facts of each cases, earlier cases are useful for drawing analogies. *Id.*

■ We have held that indefinite suspension for a one year minimum is appropriate

---

**1.** The referee concluded that Clements had violated Minnesota Rules of Professional Conduct 1.3, 1.4, 5.5(a), 8.1(a)(3), 8.4(c) and Rule 25 of the Rules on Lawyers Professional Responsibility. Based upon the factual findings, these rulings are correct.

in cases involving client neglect or when an attorney has misrepresented matters to clients:

> Repeated neglect of client matters, misrepresentations, and failure to communicate with clients typically warrant indefinite suspension. *See e.g., In re Schaefer*, 423 N.W.2d 680 (Minn.1988) (multiple acts of misconduct including neglect, failure to communicate with clients, false statements to clients, failure to cooperate with the disciplinary process, and practice of law while under suspension). *See also In re Levenstein,* 438 N.W.2d 665 (Minn.1989); *In re McCoy*, 422 N.W.2d 731 (Minn.1988).

*Walker,* 461 N.W.2d at 222.

This petition resembles the one we addressed in *In re Jensen*, 418 N.W.2d 721 (Minn.1988). Similar to this petition, Jensen had failed to cooperate with the officials of the discipline system, neglected client matters, and practiced law while suspended for nonpayment of attorney fees. In *Jensen*, we suspended Jensen indefinitely and ordered that he not petition for reinstatement until one year had elapsed. Unlike this case, Jensen had not lied to his clients. Thus we believe that the one year suspension before respondent may petition for reinstatement is clearly appropriate.

We adopt the recommendations of the referee. Respondent is suspended indefinitely and may not reapply for admission until one year has passed from the date of the filing of this opinion. In order to be readmitted, Clements must demonstrate the following by clear and convincing evidence:

1. That he has paid $750 in costs to the Director pursuant to Rule 24, RLPR;

2. That he has successfully completed the professional responsibility portion of the state bar examination pursuant to Rule 18(e)(2), RLPR;

3. That he has satisfied all CLE requirements pursuant to Rule 18(e)(4), RLPR;

4. That he has paid all outstanding attorney registration fees and penalties; and

5. That he is fit to practice law and that his past misconduct is not likely to recur.

Indefinite suspension ordered with conditions for reinstatement.