In re Petition for DISCIPLINARY AC-TION AGAINST Peter D. BERG-STROM, an Attorney at Law of the State of Minnesota.

No. C2–96–886.

Supreme Court of Minnesota.

May 8, 1997.

Office of Lawyers Professional Responsibility, Craig D. Klousing, Assistant Director, St. Paul, for appellant.

Ruvelson & Kautzer, Chtd., Edward F. Kautzer, Jack D. Nelson (on Brief), St. Paul, for respondent.

## OPINION

PER CURIAM.

Respondent Peter D. Bergstrom (Bergstrom) has been licensed to practice law in Minnesota since September 16, 1974. In 1988, he joined the firm of Ratwik, Roszak, Bergstrom & Maloney (RRB & M). On April 29, 1994, Bergstrom entered into a stipulation for private probation with the Director of the Office of Lawyers Professional Responsibility (Director) as a result of his alleged noncommunication with a client; failure to respond to discovery requests; failure to timely file documents with a court; and failure to respond to a court's inquiries regarding post-trial documents. Effective March 7, 1995, Bergstrom resigned as a shareholder of RRB & M and began practicing out of his home as an associate of RRB & M. In December 1995, Bergstrom's employment at the firm was terminated. Bergstrom has had a solo practice since that time. Currently, Bergstrom has, on his own, limit-ed his practice, which consists of acting as general counsel for the Minnesota Counties Insurance Trust and handling open meeting law and employment defense cases, to approximately 20 hours per week.

On April 19, 1996, the Director filed a petition for disciplinary action against Bergstrom, which alleges that Bergstrom, during the period June 1, 1994, through at least March 4, 1996, engaged in professional misconduct warranting public discipline. The specific allegations include: failure to comply with the conditions of the April 29, 1994, stipulation for private probation; failure to diligently pursue a client's interests, making misrepresentations to a client, and failure to promptly surrender a client file upon termination; failure to cooperate in the Director's investigation of the misconduct alleged above; and failure to comply with CLE requirements and engaging in the unauthorized practice of law. In the petition, the Director recommends that Bergstrom be indefinitely suspended from the practice of law with no right to petition for reinstatement for a minimum of 180 days.

On September 25, 1996, a hearing on the petition was held before the Honorable David E. Christianson, Pipestone County District Court Judge, acting as referee. At the hearing, while admitting much of the underlying conduct alleged in the petition, Bergstrom denied that the conduct violated any rule. Bergstrom contended that, to the extent that any of his conduct constituted misconduct, the misconduct was mitigated by the diagnosed depression from which he suffers. On October 10, 1996, the referee filed his findings of fact, conclusions of law, and recommendation for discipline with this court.

The referee found that, while on probation, Bergstrom: failed to provide the Director's Office with a written plan outlining office procedures; failed to timely provide the Director's Office an inventory of open client files; failed to timely provide active case file summaries to his supervising attorney as required by the terms of his probation; and missed appointments with his supervising attorney. In addition, the referee found that Bergstrom failed to complete work on a draft

labor agreement for a client; lied to the client regarding the status of the draft labor agreement; failed to promptly return to the client the client's file after being terminated by the client; failed to timely provide certain documents requested by the Director's Office; and failed to cooperate in the Director's investigation of the allegations contained in the instant petition for disciplinary action.

As it relates to this appeal, the referee concluded that: (1) Bergstrom failed to cooperate with the terms and conditions of his private probation; (2) Bergstrom's failure to diligently pursue his client's interests, misrepresentations to his client, and failure to promptly surrender a client file upon termination, violated Minnesota Rules of Professional Conduct 1.3, 1.4, 1.16(d), 4.1, and 8.4(c), as well as the terms of his private probation; (3) Bergstrom's failure to respond to the Director's inquiries into his alleged misconduct in a timely manner violated Minnesota Rules of Professional Conduct 8.1(a)(3), 8.4(d), Rule 25 of the Rules on Lawyers Professional Responsibility (RLPR), and the terms of his private probation; and (4) Bergstrom failed to prove by clear and convincing evidence that he had sufficiently recovered from his depression, that his recovery had arrested his misconduct, and that the misconduct was not likely to recur.[1] The referee did not make a specific "conclusion of law" with respect to the petition's allegations that Bergstrom failed to comply with CLE requirements and engaged in the unauthorized practice of law. However, as part of his recommendation for discipline, the referee stated that Bergstrom "committed serious professional misconduct, including practice while on CLE-restricted status." Based on his findings and conclusions, the referee recommended that Bergstrom be indefinitely suspended from the practice of law and that he be required to comply with Rules 24 and 26, RLPR.

On appeal, Bergstrom again essentially admits that he engaged in the conduct underlying the allegations contained in the petition.

He specifically denies, however, that any of his conduct resulted in a failure to comply with CLE requirements or in the unauthorized practice of law. Further, he claims that he should not be suspended from the practice of law because any misconduct was a product of his depression, that he is being effectively treated for the depression, that he is recovering from the depression, that his recovery has arrested the misconduct, and that his recovery is such that the misconduct is not likely to recur.

In support of his argument that his recovery from the depression has arrested his misconduct, that the misconduct is not likely to recur, and that he should therefore not be suspended, Bergstrom relies on the hearing testimony of his treating psychologist, Christine Woods (Woods). Woods testified that Bergstrom initially began seeing her as part of couples therapy with his girlfriend in 1992. In the fall of 1993, he began to receive individual therapy. Woods diagnosed Bergstrom as being clinically depressed based on his difficulty in functioning in daily activities, lack of interest or pleasure in daily activities, minimal energy, crying, sad feelings, difficulty sleeping, and the difficult situation he was in at his law firm. According to Woods, Bergstrom's depression resulted in him having a lack of energy and difficulty concentrating and remembering. Woods also testified that Bergstrom's prognosis was good and that Bergstrom's misconduct was not likely to recur.

While treating Bergstrom, Woods made various reports to the Director's Office regarding Bergstrom's condition. In an August 10, 1993, report, Woods reported to the Director that Bergstrom had been working very hard in therapy and had been successful in changing some negative patterns within himself, that he was under significant personal and professional stress which was temporary, and that his prognosis was excellent. In a January 3, 1995, report to the Director's Office, Woods gave the opinion that Berg-

---

**1.** In support of this conclusion, the referee noted that certain conduct engaged in by Bergstrom which occurred between the time the petition for disciplinary action was filed and the referee hearing, involving missed filing deadlines for post-trial submissions and failing to appear for an oral argument, demonstrated that any conduct related to Bergstrom's depression had not been arrested and was likely to recur.

strom's ability to handle stress had improved significantly and again indicated that Bergstrom's prognosis was good. In a September 26, 1995, report to the Director's Office, Woods opined that Bergstrom was making a considerable effort to resolve his procrastination problems and was working hard to meet that goal. Finally, in an August 29, 1996, report to the Director's Office, Woods indicated that Bergstrom had been timely with his work. From the record, it is clear that at the time of or subsequent to each of the above reports, Bergstrom was engaged in the misconduct alleged in the petition for disciplinary action or in conduct of a similar nature. Based on these reports, the timing of Bergstrom's alleged misconduct, and Woods' testimony at the hearing, the referee concluded that Woods lacked credibility and that Bergstrom failed to prove by clear and convincing evidence that he had made sufficient recovery from his psychological problems; that his recovery had arrested the misconduct; and that the misconduct was not apt to recur. Bergstrom timely ordered a transcript of the hearing pursuant to Rule 14(e), RLPR; therefore, the referee's findings and conclusions are not conclusive.

■ We will uphold the referee's findings and conclusions in attorney discipline proceedings if they are not clearly erroneous. *In re Gurstel,* 540 N.W.2d 838, 840 (Minn. 1995) (citing *In re Pyles,* 421 N.W.2d 321, 325 (Minn.1988)). "Stated another way, the referee's findings will be upheld if they are supported by the evidence." *In re Copeland,* 505 N.W.2d 606, 608 (Minn.1993) (citing *In re Schmidt,* 402 N.W.2d 544, 545 (Minn.1987)). Our review of the record before us leads us to the conclusion that, in this case, the referee's findings and conclusions are supported by the evidence in the record and are not clearly erroneous.

■ Having concluded that the referee's findings and conclusions are supported by the evidence in the record and are not clearly erroneous, we next turn our attention to the sanctions to be imposed. "The purpose of discipline is not to punish the lawyer but to guard the administration of justice and to protect the courts, the legal profession, and the public." *In re Simonson,* 420 N.W.2d

903, 906 (Minn.1988) (citation omitted). Of these purposes, protection of the public is primary. When determining the discipline to be imposed, we consider: (1) the nature of the misconduct; and (2) the cumulative weight of the disciplinary violations, the harm to the public, and the harm to the legal profession. *In re Levenstein,* 438 N.W.2d 665, 668 (Minn.1989). In addition, we also consider any mitigating or aggravating circumstances. *In re Haugen,* 543 N.W.2d 372, 375 (Minn.1996). "In considering mitigating factors, this court looks for an appreciation by [the attorney] of the harm he has caused others and evidence that he considers himself obligated to conform to the canons of ethics." *In re Franke,* 345 N.W.2d 224, 229 (Minn. 1984). When an attorney raises psychological disability as a mitigating factor, the attorney bears the burden of proving, by clear and convincing evidence, that: (1) a severe psychological disability exists; (2) the psychological disability was the cause of the attorney's misconduct; (3) the attorney is undergoing treatment and making progress in recovering from the psychological disability; (4) the recovery has arrested the attorney's misconduct; and (5) the misconduct is not apt to recur. *In re Weyhrich,* 339 N.W.2d 274, 279 (Minn.1983).

■ The referee has recommended that Bergstrom be suspended indefinitely. We accord great weight to the referee's recommendation; however, this court is ultimately responsible for determining the appropriate sanction. *In re Hartke,* 529 N.W.2d 678, 683 (Minn.1995).

■ The misconduct found by the referee in this case would normally warrant suspension. *See, e.g., In re Clements,* 502 N.W.2d 213 (Minn.1993) (ordering indefinite suspension with no right to reapply for admission for one year for practicing while on CLE-restricted status, failure to pay the attorney registration fee, client neglect, misrepresentation, and noncooperation with a disciplinary investigation); *In re Shaughnessy,* 467 N.W.2d 620 (Minn.1991) (imposing 30–day suspension for noncommunication and misrepresentation to clients); *In re Jensen,* 418 N.W.2d 721 (Minn.1988) (ordering indefinite

suspension with no right to apply for reinstatement for one year for failure to pay attorney registration fee, client neglect, and noncooperation with a disciplinary investigation). At the same time, we are convinced that Bergstrom's severe depression, for which he is being treated, played a significant role in causing his misconduct.

Thus, in determining the appropriate sanction in this case, we seek to balance the need to protect the public, which is primary, with consideration of the role that Bergstrom's psychological disability has played in his past misconduct and is likely to play in his future conduct. In balancing these two concerns, we conclude that, while it is not completely certain that Bergstrom's misconduct has been arrested and will not recur, there is evidence showing that Bergstrom has made improvement in both his psychological condition and his legal practice. Significantly, the record reflects that, since beginning his solo practice, Bergstrom has not had any client complaints. Therefore, we order:

1. That respondent Peter D. Bergstrom is hereby indefinitely suspended from the practice of law in the State of Minnesota pursuant to Rule 15, RLPR. Execution of respondent's suspension shall be stayed subject to the following conditions:

a. Respondent shall pay $900 in costs and disbursements to the Director pursuant to Rule 24, RLPR.

b. Respondent's law practice shall be restricted in time to 20 hours per week and in scope to matters similar to those handled in his current legal practice as described in the first paragraph of the court's opinion in this case. With the Director's permission, respondent may in the future increase, up to a maximum of 40, the number of hours per week which he may practice.

c. Respondent's restricted law practice shall be supervised upon conditions as approved by the Director. Any supervisor(s) shall be made aware of respondent's psychological history and shall be authorized to speak with respondent's treating mental health provider(s) regarding his practice.

d. Respondent shall continue treatment with his current treating psychologist or other appropriate mental health provider(s) until such time as he is discharged from treatment. Respondent shall notify the Director before changing mental health providers. Respondent shall comply with all medication and other therapy recommendations. Respondent shall authorize his mental health provider(s) to report to the Director's Office on at least a quarterly basis regarding his compliance.

e. Respondent shall cooperate with the Director and with his supervisor while on restricted status.

f. Respondent shall comply with the Minnesota Rules of Professional Conduct while on restricted status.

g. Respondent's practice of law shall remain restricted until such time as he is reinstated to the practice of law as set forth in this order.

h. Respondent's failure to comply with the conditions of this stay shall result in immediate execution of respondent's indefinite suspension from the practice of law.

2. That, if and when respondent seeks reinstatement, the reinstatement hearing provided for in Rule 18, RLPR, is not waived.

3. That in order to be reinstated, respondent must demonstrate, by clear and convincing evidence, psychological fitness to practice law.

4. That as part of any reinstatement proceeding, respondent will be required to undergo an independent psychological examination by a licensed mental health professional selected by the Director.

5. That upon reinstatement, respondent shall be on supervised probation for a period of two years upon conditions approved by the Director.

6. Respondent shall fully cooperate with the Director and his supervisor(s) in their efforts to monitor his compliance with the provisions of this order.

So ordered.