2008 ND 235

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Bent KARLSEN, a Person Admitted to the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Bent Karlsen, Respondent.

Nos. 20080294, 20080295.

Supreme Court of North Dakota.

Dec. 23, 2008.

DISBARMENT ORDERED.

PER CURIAM.

[¶ 1] On May 21, 2008, a Petition for Discipline was filed asserting Bent Karlsen was admitted to practice as an attorney in the courts of North Dakota on November 27, 2002, and his name has appeared on the roll of attorneys since that date. Effective December 31, 2006, Karlsen's license to practice law was suspended for non-compliance with continuing legal education requirements.

[¶ 2] The Petition alleges Karlsen was the attorney for Olgun Fuat Sahin in an

immigration matter. Karlsen charged Sahin $1,200 for what Karlsen's fee agreement describes as a "flat non-refundable fee." However, Karlsen failed to complete the work for which an advance fee was paid and failed to refund unearned portions of the money Sahin had paid. The application Karlsen filed April 25, 2005, on behalf of Sahin with the U.S. Citizenship and Immigration Services (USCIS) was deficient. On May 11, 2005, Karlsen was requested to provide the additional information in 87 days. He failed to do so, which resulted in the denial of Sahin's application. Karlsen did not inform Sahin of the denial. Instead, Karlsen informed Sahin his application was still pending and he would follow up with USCIS and get back to Sahin, which Karlsen failed to do.

[¶ 3] A second Petition for Discipline was filed July 31, 2008, alleging misconduct in Karlsen's representation of two other immigration matters. Karlsen assisted Paul Pridday in attaining legal permanent residence ("green card") status, which was granted on a conditional basis on December 23, 2004. Pridday requested Karlsen's assistance in filing the appropriate form removing the conditions within the required two-year deadline. In September 2006, Karlsen prepared the form, which Pridday signed, and indicated he had filed it with USCIS, but there is no contemporaneous documentation to corroborate Karlsen's statement. After Pridday requested Karlsen to "re-file" the form, he did so on July 12, 2007, but informed Pridday the form had been submitted on May 29, 2007. On July 19, 2007, Pridday was mailed a rejection notice by USCIS for not timely filing the form and not including a written statement establishing the failure to file the form in a timely manner was beyond Pridday's control. Pridday terminated Karlsen's representation in July 2007 and retained new counsel, who was able to restore Pridday's legal permanent resident status.

[¶ 4] The Petition also alleges Karlsen assisted Francois Blom in attaining legal permanent residence ("green card") status, which was granted on a conditional basis on March 17, 2005. Blom requested Karlsen's assistance in filing the appropriate form removing the conditions within the two-year deadline. In January 2007, Karlsen prepared the form, which Blom signed, and indicated he had filed it with USCIS, but there is no contemporaneous documentation to corroborate Karlsen's statement. For three months, Blom attempted, without success, to inquire on the status of his form. In August 2007, Karlsen indicated Blom's form had been lost and would need to be re-filed. Blom completed another form, which Karlsen assured him had been submitted to USCIS, but there was no documentation to confirm Karlsen's statement. Blom terminated Karlsen's representation in October 2007 and retained new counsel, who filed the proper form and obtained a one-year extension for USCIS to consider Blom's form.

[¶ 5] The Petition alleges in December of 2006, during his representation of Pridday and Blom, Karlsen's license to practice law in North Dakota was suspended for non-compliance with continuing legal education requirements. His license to practice law in Minnesota was suspended for non-payment of license fees in April of 2007. Karlsen failed to inform Pridday and Blom of the status of his licenses, and provided USCIS a form falsely stating he had an unencumbered license to practice law.

[¶ 6] Karlsen was notified by the Chair of the Inquiry Committee Southeast of each complaint filed against him, and his obligation under N.D.R. Lawyer Discipl. 3.1(D)(3), but Karlsen did not provide any response to the complaints.

[¶ 7] Both Petitions allege violations of N.D.R. Prof. Conduct 1.3, Diligence, (a lawyer shall act with reasonable diligence and promptness in representing a client); N.D.R. Prof. Conduct 1.4, Communication, (a lawyer shall make reasonable efforts to keep a client reasonably informed about the status of a matter, and a lawyer shall explain matters related to the representation to the extent reasonably necessary to permit the client to make informed decisions); and N.D.R. Prof. Conduct 8.1(b), Bar Admission and Disciplinary Matters, and N.D.R. Lawyer Discipl. 1.2(A)(8), (a lawyer shall not wilfully fail to respond to a lawful demand for information from a disciplinary authority). The Petition regarding the representation of Sahin also alleges violations of N.D.R. Prof. Conduct 1.5, Fees, (a lawyer's fee shall be reasonable); and N.D.R. Prof. Conduct 1.16(e), Declining or Terminating Representation, (a lawyer shall take steps to protect a client's interests, such as refunding any advance payment of fee that has not been earned). The Petition regarding the representation of Pridday and Blom also alleges violations of N.D.R. Prof. Conduct 4.1, Truthfulness in Statements to Others, (in the course of representing a client a lawyer should not make a statement to a third person of fact or law that the lawyer knows to be false); N.D.R. Prof. Conduct 5.5(a), Unauthorized Practice of Law, (a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction); and N.D.R. Lawyer Discipl. 6.3, Notice of Status, (a lawyer who has been subject to an order of suspension is required to cause notice to be given to all clients being represented in pending matters that the lawyer cannot act as a lawyer after the effective date of the order).

[¶ 8] Following the Inquiry Committee's referral for formal proceedings, the Petitions were filed and personally served on Karlsen in Las Vegas, Nevada. Personal service of the Petitions was accomplished on July 23, 2008, and September 25, 2008, respectively. Karlsen did not answer either Petition. Subsequently, on October 21, 2008, Assistant Disciplinary Counsel, Brent J. Edison, filed a Motion for Default Findings, Conclusions, and Recommendations, Brief in Support and Notice.

[¶ 9] On November 13, 2008, the Hearing Panel filed its Combined Report of Hearing Panel. The Hearing Panel found Karlsen was hired to represent Olgun Fuat Sahin in an immigration matter for which he charged a non-refundable flat fee; Karlsen did not finish the work and did not refund the unearned portion of the fee. Further, the Hearing Panel found Karlsen filed an Application to Register Permanent Residence or Adjust Status on Sahin's behalf with USCIS, but the application was deficient and Karlsen was sent a denial notice; Karlsen did not send a copy of the notice to Sahin, but informed Sahin the application was still pending. Karlsen promised to follow-up, but did not. The Hearing Panel found Karlsen was notified that a complaint had been filed against him and was informed of his obligation to respond; Karlsen did not submit a response to the complaint.

[¶ 10] The Hearing Panel found Karlsen was hired to represent Paul Pridday in immigration matters, and Karlsen helped Pridday attain permanent residence status, which was granted on a conditional basis in December 23, 2004. Pridday again retained Karlsen to assist with a petition to remove the conditions, which was due within two years of Pridday's conditional admission; Karlsen prepared the forms and told Pridday he had submitted them, but there is no contemporaneous documentation to corroborate Karlsen's statement. The Hearing Panel found Karlsen know-

ingly and falsely assured Pridday the forms had been submitted when in fact they had not; after Pridday requested Karlsen to re-file the forms, Karlsen did so but told Pridday he had filed them on May 29, 2007, when they were actually filed on July 12, 2007. The forms were rejected because they were not timely filed and had not been accompanied by a written statement that the failure to timely file the forms was beyond Pridday's control. The Hearing Panel further found Karlsen had not informed Pridday that his license to practice law in North Dakota was suspended in December 2006 for non-compliance with continuing legal education requirements, or that his license to practice law in Minnesota was suspended in April 2007 for non-payment of license fees. The Hearing Panel found Karlsen provided USCIS with a power of attorney falsely stating he had an unencumbered license to practice law when his licenses were suspended. Pridday terminated Karlsen's representation in July 2007 and retained new counsel, who was able to restore Pridday's legal permanent resident status.

[¶ 11] The Hearing Panel further found Karlsen was hired to represent Francois Blom in attaining legal permanent residence status, which was granted on a conditional basis on March 17, 2005; Blom again retained Karlsen to file a petition to remove conditions, which was due within two years of Blom's conditional admission. The Hearing Panel found Karlsen prepared the forms and told Blom he had submitted them, but there is no contemporaneous documentation to corroborate Karlsen's statement. Further, the Hearing Panel found that during June, July, and August of 2007, Blom tried to inquire about the status of his forms without success; in late August 2007, Karlsen told Blom the forms had been lost and would have to be re-filed. Blom completed the new forms and was told by Karlsen they had been submitted, but there is no contemporaneous documentation to confirm Karlsen's statement. The Hearing Panel found Karlsen knowingly and falsely assured Blom the forms had been submitted when it was not true. The Hearing Panel also found Karlsen had not informed Blom that his license to practice law in North Dakota was suspended in December 2006 for non-compliance with continuing legal education requirements, or that his license to practice law in Minnesota was suspended in April 2007 for non-payment of license fees. Blom terminated Karlsen's representation in October 2007 and retained new counsel who obtained a one-year extension for USCIS to consider Blom's petition. The Hearing Panel found Karlsen was notified a complaint had been filed against him and was informed of his obligation to respond; Karlsen did not submit a response to the complaint.

[¶ 12] The Hearing Panel concluded Karlsen's conduct violated N.D.R. Prof. Conduct 1.3, Diligence; N.D.R. Prof. Conduct 1.4, Communication; N.D.R. Prof. Conduct 1.5, Fees; N.D.R. Prof. Conduct 1.16(e), Declining or Terminating Representation; N.D.R. Prof. Conduct 4.1; Truthfulness in Statements to Others; N.D.R. Prof. Conduct 5.5(a), Unauthorized Practice of Law; N.D.R. Lawyer Discipl. 6.3, Notice of Status; and N.D.R. Prof. Conduct 8.1(b) and N.D.R. Lawyer Discipl. 1.2(A)(8), Bar Admission and Disciplinary Matters.

[¶ 13] The Hearing Panel considered mitigating circumstances under N.D. Stds. Imposing Lawyer Sanctions 9.32(f), inexperience in the practice of law. The Hearing Panel considered aggravating circumstances under N.D. Stds. Imposing Lawyer Sanctions 9.22(b), dishonest or selfish motive; 9.22(c), a pattern of misconduct; 9.22(d), multiple offenses; and

9.22(h), vulnerability of the victims. The Hearing Panel considered sanctions, including disbarment and suspension under N.D. Stds. Imposing Lawyer Sanctions 4.4 and 5.1, and concluded disbarment is the appropriate sanction under Standards 4.41 and 5.11. The Hearing Panel recommended Karlsen be disbarred from the practice of law and pay the costs of the disciplinary proceeding in the amount of $1,417.74.

[¶ 14]   The matter was submitted to the Court under N.D.R. Lawyer Discipl. 3.1(F)(2). No objections were filed to the Combined Report of Hearing Panel. The Court considered the matter, and

[¶ 15]   **ORDERED,** the Combined Report of the Hearing Panel filed November 13, 2008, is accepted.

[¶ 16]   **FURTHER ORDERED,** Bent Karlsen is DISBARRED from the practice of law for violation of N.D.R. Prof. Conduct 1.3, Diligence; N.D.R. Prof. Conduct 1.4, Communication; N.D.R. Prof. Conduct 1.5, Fees; N.D.R. Prof. Conduct 1.16(e), Declining or Terminating Representation; N.D.R. Prof. Conduct 4.1; Truthfulness in Statements to Others; N.D.R. Prof. Conduct 5.5(a), Unauthorized Practice of Law; N.D.R. Lawyer Discipl. 6.3, Notice of Status; and N.D.R. Prof. Conduct 8.1(b) and N.D.R. Lawyer Discipl. 1.2(A)(8), Bar Admission and Disciplinary Matters.

[¶ 17]   **FURTHER ORDERED,** Bent Karlsen pay the costs of the disciplinary proceeding in the amount of $1,417.74, payable to the Secretary of the Disciplinary Board.

[¶ 18]   **FURTHER ORDERED,** Bent Karlsen comply with N.D.R. Lawyer Discipl. 6.3, Notice of Status.

[¶ 19] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.

[¶ 20] Justice DANIEL J. CROTHERS, deeming himself disqualified, did not participate in this decision.