In re Petition for Disciplinary Action against Bent KARLSEN, a Minnesota Attorney, Registration No. 254344.

No. A08–623.

Supreme Court of Minnesota.

Feb. 11, 2010.

See also, *Disciplinary Bd. v. Karlsen,* 2008 ND 235, 778 N.W.2d 522.

Martin A. Cole, Director, Kevin T. Slator, Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, MN, for petitioner.

Bent Karlsen, Detroit Lakes, MN, pro se.

OPINION

PER CURIAM.

In March 2008, the Director of the Office of Lawyers Professional Responsibility (Director) filed a petition for disciplinary action against Bent Karlsen asserting six counts of unprofessional conduct. Karlsen served and filed a general denial. Subsequently, the Director filed a supplementary petition asserting four additional counts of unprofessional conduct. Karlsen was served with a notice of hearing, but failed to appear at the referee hearing. In November 2008, the referee filed findings of fact, conclusions of law, and a recommendation that Karlsen be indefinitely suspended from the practice of law in the State of Minnesota and be ineligible to petition for reinstatement for a minimum of 12 months, together with other related conditions. We adopt the referee's recommendation and suspend Karlsen indefinitely, with no right to petition for reinstatement for a minimum of 12 months.

Karlsen was admitted to practice law in Minnesota in May 1995 and in North Dakota in 2002.[1] Prior to 2005, he was a solo practitioner in Detroit Lakes, Minnesota. In July 2005, Karlsen joined Hunt Karlsen Law. In August 2006, he left Hunt Karlsen

---

1. On December 23, 2008, the North Dakota Supreme Court disbarred respondent for misconduct involving three client matters. *Disciplinary Bd. v. Karlsen*, 2008 ND 235, ¶ 1. The Director bases the Minnesota disciplinary petition on eight separate matters, three of which are related to Karlsen's North Dakota disbarment. The Director also asserts two counts of failure to cooperate with the Minnesota disciplinary investigation.

Law and returned to solo practice. Karlsen failed to renew his attorney license and it became inactive on April 1, 2007. Karlsen, however, continued to practice law in Minnesota until approximately July 2007.

On March 10, 2008, the Director served Karlsen with a petition for disciplinary action asserting six counts of unprofessional conduct in connection with Karlsen's representation in five separate client matters. On May 2, 2008, the Director received a letter from Karlsen that generally denied the allegations of the petition and stated that he no longer practiced law due to stress, depression, and other unspecified medical conditions. Karlsen then moved to Henderson, Nevada. On July 23, 2008, he was personally served in Nevada with the Director's supplementary petition, which asserted four additional counts of unprofessional misconduct in connection with Karlsen's representation in three additional client matters. Karlsen did not respond to the supplementary petition.

The hearing on the Director's petition and supplementary petition was held on November 14, 2008. Prior notice of the hearing was mailed to Karlsen by first-class mail at two different addresses.[2] Karlsen did not appear or notify the referee that he would be unable to attend. On November 18, 2008, the referee filed findings of fact, conclusions of law, and a recommendation for discipline. The referee's findings and conclusions detail eight complaints of unprofessional conduct against Karlsen that were received by the Director's office between June 2006 and January 2008. All of the complaints were from individuals Karlsen represented in immigration proceedings before the United States Customs and Immigration Service

(USCIS) or the United States Department of Labor (USDOL).

The referee's findings roughly fall into three categories of misconduct. First, the referee found that Karlsen neglected client matters, failed to communicate with his clients and made false statements to his clients, and falsified an affidavit that was submitted to the USCIS. Specifically, the referee found that Karlsen failed to respond or otherwise communicate with the clients who brought the complaints. For example, in one case, Karlsen did not return phone messages left for him once or twice per week over the course of three months by one client. In another case, Karlsen failed to respond to three e-mails and a certified letter sent to him by the client between November 2005 and March 2006.

The referee further found that Karlsen also promised four of his clients that he would file a particular document with the USCIS, but failed to file the document. In three cases, Karlsen failed to notify the client of action taken by the USCIS that required a response. The referee also found that Karlsen falsely told six clients that he filed required documents with the USCIS and the USDOL. For example, in one case, Karlsen failed to file a petition with the USCIS, and falsely stated to the client that he sent a letter of inquiry to the USCIS regarding the status of the petition. Karlsen then provided the client with an affidavit filed with the USCIS by substitute counsel, which falsely stated that Karlsen filed the petition in September 2006 and refiled it in May 2007. In fact, Karlsen did not file the petition until July 2007. In another case, the client contacted the USCIS directly to determine the status of the matter. When the USCIS could not confirm that a petition had

---

**2.** Notices were mailed to Karlsen at the address registered with the Office of Lawyers

Professional Responsibility and at Karlsen's Nevada address.

been filed, the client contacted Karlsen. Karlsen continued to insist, falsely, that he had filed the petition.

Based on his findings, the referee concluded that Karlsen's failure to diligently handle client matters violated Rule 1.3 [3] of the Minnesota Rules of Professional Conduct (MRPC), and that his failure to communicate with his clients violated Rule 1.4.[4] The referee also concluded that Karlsen's false and misleading statements to clients violated Rule 4.1,[5] and that his false statement under oath violated Rule 8.4(c).[6]

The second category of misconduct involves practicing law with a suspended license. The referee found that Karlsen continued to practice law after his Minnesota license became inactive on April 1, 2007, for failure to pay lawyer registration fees. (Karlsen's North Dakota license was inactive as of December 31, 2006.) The referee concluded that Karlsen's conduct violated Rules 5.5(a) [7] and 8.4(d).[8]

The third category of misconduct involves failure to cooperate with the Director's investigation. The referee found that in January 2007, the Director sent a notice of investigation of a client complaint to Karlsen and requested that Karlsen provide a written response. Karlsen failed to respond to the request or to the Director's additional attempts to reach him.

Over the ensuing months, the Director sent notices of investigation and follow-up letters regarding six additional client complaints and requested that Karlsen provide written responses. Those notices and letters were returned as undeliverable. The Director attempted to contact Karlsen at his then place of employment. Karlsen responded by e-mail and (1) asked that the Director not contact him at work, and (2) said that he would contact the Director when he "was ready." In January 2008, the Director sent a notice of investigation of another client complaint; this notice was not returned as undeliverable, but Karlsen failed to respond to it.

Subsequently, the Director served Karlsen by mail at three addresses in Detroit Lakes with charges of unprofessional conduct and notice of prehearing meeting and panel assignment. One of the three mailings was not returned by the post office. The charges and notice stated, among other things, that failure to appear at the prehearing meeting may result in the filing of a petition for disciplinary action. On July 23, 2008, Karlsen was personally served in Nevada with the Director's supplementary petition. Karlsen failed to respond to the supplementary petition, and failed to appear at the prehearing meeting.

---

**3.** Rule 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

**4.** Rule 1.4 provides that "[a] lawyer shall ... keep the client reasonably informed about the status of the matter; [and] promptly comply with reasonable requests for information."

**5.** Rule 4.1 provides that "[i]n the course of representing a client a lawyer shall not knowingly make a false statement of fact or law."

**6.** Rule 8.4(c) provides that "[i]t is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

**7.** Rule 5.5(a) provides that "[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so, except that a lawyer admitted to practice in Minnesota does not violate this rule by conduct in another jurisdiction that is permitted in Minnesota under Rule 5.5(c) and (d) for lawyers not admitted to practice in Minnesota."

**8.** Rule 8.4(d) provides that "[i]t is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to the administration of justice."

The referee concluded that Karlsen's failure to cooperate with the Director's investigation violated Rules 8.1(a)(1) and (3)[9] and 8.4(c) and (d) of the MRPC, and Rule 25[10] of the Rules on Lawyers Professional Responsibility (RLPR).

 Disciplinary violations must be established by clear and convincing evidence. *In re Ruhland,* 442 N.W.2d 783, 785 (Minn.1989). Because Karlsen did not order a transcript of the proceedings, the referee's findings of fact and conclusions are deemed conclusive. Rule 14(e), RLPR. Thus, the only issue remaining in this case is the appropriate discipline. We place great weight on the referee's recommendation of discipline but retain ultimate responsibility for determining the appropriate disciplinary sanction. *In re Nelson,* 733 N.W.2d 458, 463 (Minn.2007). Here, the referee recommends, and the Director agrees, that Karlsen should be indefinitely suspended from the practice of law for at least one year.

 The purpose of discipline for professional misconduct is not to punish the attorney, but rather to protect the public, to protect the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys. *In re Plummer,* 725 N.W.2d 96, 98 (Minn.2006); *In re De Rycke,* 707 N.W.2d 370, 373 (Minn.2006). In deciding the appropriate discipline, we consider the nature of the misconduct, the cumulative weight of the rule violations, and the resulting harm to the public and to the legal profession. *In*

*re Nelson,* 733 N.W.2d at 463. In addition, we consider any mitigating or aggravating circumstances. *In re Houge,* 764 N.W.2d at 328, 338 (Minn.2009). Although prior decisions provide guidance, we impose discipline based on each case's unique facts and circumstances. *In re Redburn,* 746 N.W.2d 330, 334 (Minn.2008).

The nature of Karlsen's misconduct is substantial. Karlsen neglected multiple matters for which he was retained, failed to communicate with clients and made false statements to them when he did, falsified an affidavit to further conceal his misconduct that was submitted to the USCIS, engaged in the unauthorized practice of law while fee-suspended, and failed to cooperate with multiple disciplinary investigations. We have indefinitely suspended a lawyer from the practice of law in less egregious circumstances. *In re Fagre–Stroetz,* 710 N.W.2d 783, 785 (Minn.2006) (imposing an indefinite suspension for neglect of a single matter, failure to communicate with the client for several months, practice of law while fee-suspended, and failure to cooperate with the Director's investigation); *see also In re Engel,* 538 N.W.2d 906, 906–07 (Minn. 1995); *In re Clements,* 502 N.W.2d 213, 214 (Minn.1993); *In re Jensen,* 418 N.W.2d 721, 723 (Minn.1988). In addition, Karlsen's misconduct caused adverse consequences for his clients. In one case, Karlsen's failure to timely file the petition exposed the client to potential liability for

---

9. The referee's findings refer to Rules 8.1(a)(1) and (3) as they read prior to October 2005. Effective October 1, 2005, the language of Rules 8.1(a)(1) and (3) was incorporated into Rule 8.1(b). Rule 8.1(b) provides that "a lawyer ... in connection with a disciplinary matter, shall not ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."

10. Rule 25, RLPR, provides that "[i]t shall be the duty of any lawyer who is the subject of an investigation or proceeding under these Rules to cooperate with the District Committee, the Director, or the Director's staff, the Board, or a Panel, by complying with reasonable requests."

illegally working in this country and required the client to pay additional attorney fees of $15,000 to complete the work for which Karlsen was retained.

We have also suspended a lawyer for making false statements under oath. *See, e.g., In re Czarnik,* 759 N.W.2d 217, 224 (Minn.2009) (90–day suspension for false statements under oath during deposition); *In re Wentzell,* 656 N.W.2d 402, 404 (Minn.2003) (six-month suspension for misleading statements and failure to disclose material facts to a bankruptcy court); *In re Zotaley,* 546 N.W.2d 16, 17 (Minn.1996) (six-month suspension for submitting misleading document in workers' compensation arbitration). We have emphasized that offering false testimony under oath is a serious offense, and is "particularly serious when the violation is committed by an attorney whose oath requires him or her not only to exhibit personal honesty but also to uphold the integrity of the judicial system." *In re Czarnik,* 759 N.W.2d at 224. "The integrity of our legal system depends first on the honesty and integrity of lawyers." *In re Houge,* 764 N.W.2d at 338; *see also In re Salmen,* 484 N.W.2d 253, 254 (Minn.1992) (noting that "false testimony strikes at the very heart of the administration of justice").

Additionally, we have stated that "[m]isrepresenting facts to clients is . . . serious misconduct." *In re Hart,* 445 N.W.2d 836, 839 (Minn.1989). We have noted that, regardless of whether an attorney's misconduct "jeopardize[s] the client's position with respect to a claim, a lawyer's failure to communicate with the client and misrepresentations regarding the status of a pending case are intensely frustrating to the client, reflect adversely on the bar, and are destructive of public confidence in the legal profession." *In re Shaughnessy,* 467 N.W.2d 620, 621 (Minn.1991).

Finally, "failure to cooperate with the director's investigation represents egregiously unprofessional conduct" and is grounds for public discipline, including suspension. *In re Muenchrath,* 588 N.W.2d 497, 501 (Minn.1999); *see also In re Neill,* 486 N.W.2d 150, 151 (Minn.1992) (holding that failure to cooperate, without more, warrants suspension); *In re Cartwright,* 282 N.W.2d 548, 552 (Minn.1979) (suspending attorney for six months due to noncooperation). Failure to appropriately respond at any stage of a disciplinary proceeding constitutes a violation of Rule 25, RLPR, and Rule 8.1(b), MRPC, including failure to respond to a notice of investigation, *In re Westby,* 639 N.W.2d 358, 369 (Minn.2002), and failure to attend a prehearing meeting, *see* Rule 9(e), RLPR (making the lawyer's attendance at the prehearing meeting mandatory). Here, Karlsen responded to the Director's initial petition with only a vague denial and failed to otherwise cooperate with the Director's investigation.

We conclude that Karlsen's misconduct warrants a suspension from the practice of law. We next examine any aggravating or mitigating factors. The cumulative weight and severity of an attorney's actions and conduct are aggravating factors. *In re Redburn,* 746 N.W.2d at 336 (concluding that the cumulative weight and severity of multiple disciplinary rule violations may compel severe discipline even when a single act would not have warranted such discipline); *see also, e.g., In re Grzybek,* 567 N.W.2d 259, 265 (Minn. 1997) (holding that repeated neglect of client matters, noncooperation with the disciplinary process misappropriation, and failure to follow court orders merit disbarment). Repeated instances of client neglect may result in either disbarment or indefinite suspension. *In re Flanery,* 431 N.W.2d 115, 118 (Minn.1988). Thus, the fact that Karlsen's misconduct involved

eight client matters over more than two years is an aggravating factor.

As to mitigating factors, in his answer Karlsen mentions depression, medical issues, and personal problems. A respondent has the burden of establishing by clear and convincing evidence claims of mitigation arising from psychological disability. *In re Weyhrich*, 339 N.W.2d 274, 279 (Minn.1983). But Karlsen has provided no evidence to substantiate his claimed psychological disability and therefore it is not a mitigating factor.

We observe that on December 23, 2008, approximately a month after the referee filed his findings, Karlsen was disbarred by the Supreme Court of North Dakota. *Disciplinary Bd. v. Karlsen,* 2008 ND 235, ¶ 16. Based upon his disbarment in North Dakota, we have the authority to disbar Karlsen for the misconduct alleged in the petition, regardless of the discipline the Director seeks. *See In re Gherity,* 673 N.W.2d 474, 481 (Minn. 2004). At oral argument, the Director stated that he does not intend to file a supplementary petition for disciplinary action seeking reciprocal discipline pursuant to Rule 12(d) of the RLPR. The Director argues that disbarment is not warranted because respondent lacks prior disciplinary history and the conduct, though egregious, did not result in substantial harm to the clients. Although disbarment is an option, we conclude that it is not warranted at this time. Rather, we conclude that Karlsen's misconduct warrants an indefinite suspension, with no right to apply for reinstatement for a minimum of 12 months from the date of this decision.

Accordingly, we order that:

1. Respondent Bent Karlsen is indefinitely suspended from the practice of law, effective immediately, and is ineligible to petition for reinstatement for a minimum of 12 months from the date of filing of this opinion.

2. If Karlsen seeks reinstatement, he must comply with the requirements of Rule 18, RLPR.

3. Karlsen shall comply with the requirements of Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

4. Karlsen shall pay $900 in costs pursuant to Rule 24, RLPR.

So ordered.

PAGE, Justice (dissenting).

I respectfully dissent. Based on the misconduct committed by respondent and our obligation to protect the public, ensure the administration of justice, and deter future misconduct, I believe that the appropriate discipline would be to disbar this attorney.